East'n. District.
*June*, 1826.

BEDFORD,
BREEDLOVE &
ROBESON.
*vs.*
JACOBS.

*M‘Caleb* for the plaintiff, *Whittelsey* for the
defendant.

---

### TAYLOR vs. HOLLANDER.

APPEAL from the court of probates of the
parish and city of New-Orleans.

PORTER, J., delivered the opinion of the
court.   This cause presents two questions.

1. Whether a creditor who is not put on
the bilan of an insolvent, can bring a sepa-
rate suit against him before the proceedings
are homologated.

2. Whether the executor of an estate, who
becomes insolvent, is suable before the court
of probates, or that where the *concurso* is
pending.

I. The creditor who is not put on the bilan
may bring a separate suit, because he is not a
party to the proceedings, and is presumed to
be ignorant of them; but as soon as he is in-
formed by the answer, that the *concurso* is form

When an ex-
ecutor has be-
come insolvent,
the court of pro-
bates retains ju-
risdiction of ac-
tion against him
for property in
his hands be-
longing to the
estate.   *Aliter*
where judgment
is demanded for
a sum of money.

ed, the cause must be transferred to the court where that action is pending, and be cumulated with it. The neglect of the debtor to insert the creditor's name in the bilan, may be cured at any time before the tableau of distribution is homologated. The law has conceived it a less inconvenience that the creditor should be deprived of the right of voting for syndics, than that separate suits should be carried on at the instance of particular creditors. *Salgado.*

II. The court of probates has exclusive jurisdiction of suits brought by minors against executors for the settlement of their accounts, and the payment of the sums which may be due on that settlement. But the law provides that when an insolvent has filed his bilan and obtained an order for a stay of proceedings, *all* actions must be cumulated before the tribunal where the suit *in concurso* has commenced. To reconcile these apparent contradictions, it is necessary to distinguish. The rule that all suits should be cumulated before one tribunal, must be understood where the insolvent is sued in his own right, and not as the representative of others. Where the object of the action is to make him account

in his capacity of tutor, curator, or executor,

and hand over property existing in kind
which belongs to those he represents, there
the probate court does not lose its jurisdiction. The judgment cannot affect the creditors, for the property in his hands belonging
to others, did not, nor could not, make a part
of that ceded. It is, therefore, not necessary
it should be carried contradictorily with
those who have claims against him in his own
right.

There is some difficulty in applying these
principles to this case. The plaintiff prays
that the defendant may render his account as
executor, and deliver up certain notes and
obligations belonging to the estate. Of this
claim we think the court of probates retained
jurisdiction, notwithstanding the suit *in concurso* ; the petition, however, goes further, and
prays for judgment against the defendant for
a sum of money. Of that claim, the court of
probates after the failure of the executor,
could not take cognisance ; it could not after
that event give judgment against him in his
own right. Such demands must be settled
contradictorily, with the other creditors in the
court where the proceedings for insolvency

East'n. District. are carried on.   But the joining this demand
*June*, 1826. to the others in the petition, did not take
TAYLOR from the court of probates the right of adjudi-
*vs.*
HOLLANDER. cating on the other matters therein contained,
of which it had jurisdiction; it should have
proceeded with the cause and decided on
those parts of the petition of which it could
take cognisance, and rejected the rest: it con-
sequently erred in sending the case before
the district court.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court of pro-
bates be annulled, and reversed; and that
the cause be thereto remanded, to be pro-
ceeded in according to law, the appellee
paying the costs of this appeal.

*Hennen* for the plaintiff, *Peirce* for the de-
fendant.